UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHNNIE FAULCON,

            Plaintiff,

      v.

AB VENTURE LLC, SC BROMLEY 1 LLC
C/O SPURS CAPITOL, BERKMAN,
HENOCH, PETERSON & PEDDY, P.C., and
ATLANTIS LAND SERVICES,

           Defendants.

**MEMORANDUM & ORDER**
25-CV-2416 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

On April 29, 2025, Plaintiff Johnnie Faulcon, appearing *pro se*, filed this action

challenging foreclosure and eviction judgments in state court and alleging violations of certain

federal and state laws. ECF No. 1 (Complaint).[1] Plaintiff's application to proceed *in forma*

*pauperis* ("IFP") is granted. ECF No. 2 (IFP Motion). However, for the reasons stated below,

Plaintiff's complaint is dismissed.

## BACKGROUND[2]

On April 23, 2007, MaryAnn Sherman ("Sherman") took out a mortgage on a property in

Queens with BankUnited, FSB. ECF No. 1. at 3–4, 12, 25–59. On March 10, 2009, Jonathan

Cohen, a lawyer for Defendant Berkman, Henoch, Peterson & Peddy, P.C., sent a letter to

---

[1]    Unless otherwise indicated, when quoting cases and Plaintiff's papers, the Court omits all
internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers
to the pages assigned by the Electronic Case Files system ("ECF").

[2]    The factual background is derived from the allegations in the complaint and the
accompanying exhibits, *see* ECF No. 1, which the Court accepts as true for purposes of this
Order, *see Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro
se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the
complaint as true).

Sherman stating that his firm represents the mortgage holder, which he misidentified as CitiMortgage, Inc., and that the firm was attempting to collect Sherman's debt on behalf of CitiMortgage. *Id.* at 4, 64–65. Shortly thereafter, on March 24, 2009, Cohen commenced a foreclosure action on behalf of the correct mortgage holder, BankUnited FSB, against Sherman in New York Supreme Court, Queens County. *Id.* at 4, 61. Sherman, however, died prior to commencement of the foreclosure action. *Id.* at 11, 16.

On February 24, 2017, the state court entered a judgment of foreclosure and sale "against the four heirs of the estate of MaryAnn Sherman," one of whom is Plaintiff. *Id.* at 6. That judgment was vacated on May 25, 2017, and Plaintiff continued to challenge the foreclosure action for several years. *Id.* at 6–7. In 2018, the mortgage was assigned to Defendant AB Venture LLC, and on July 12, 2023, AB Venture was granted a judgment of foreclosure and sale. *Id.* at 7, 8, 67–73, 77–78. On May 14, 2024, AB Venture commenced a holdover eviction action to remove Plaintiff from the premises, and Plaintiff was evicted on March 7, 2025. *Id.* at 8–9.

Plaintiff filed suit on April 29, 2025, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*, and various provisions of state law. He specifically alleges, among other claims, that Cohen's letter contained "false information" and "deliberate inaccuracies," and that the ensuing "wrongful foreclosure" caused him to lose his ownership interest and occupancy of the premises, in violation of the FDCPA, RESPA, and § 349 of the New York General Business Law. *Id.* at 3, 9, 13, 16–17. Moreover, Plaintiff alleges that Cohen's letter was somehow lost and that he only located it after the foreclosure, so any statute of limitations should be tolled. *Id.* at 3.

To redress those alleged harms, Plaintiff seeks the following relief:  that "the deed and all recordings [be] returned to [status] quo prior to the FDCPA violation"; "possession of the entire property"; that "the mortgage recorded . . . be expunged [from] the record"; and that an unspecified "Defendant" be "estopped from making any further submissions that claim [that Defendant is] the true and rightful owner of the property." *Id.* at 18–19.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that, even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

However, a district court shall review an *in forma pauperis* action and dismiss it where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

For the reasons discussed below, the Court finds that it lacks jurisdiction over Plaintiff's claims related to the foreclosure and eviction judgments and that Plaintiff fails to state a claim under the FDCPA and RESPA.  To the extent the remaining claims arise under state law, the Court declines to exercise supplemental jurisdiction over those claims.

I.      **Foreclosure and Eviction Claims**

Plaintiff's claims challenging the state court foreclosure and eviction judgments are barred by the *Rooker-Feldman* doctrine, which establishes that federal district courts lack subject-matter jurisdiction over claims that effectively challenge state court judgments.  *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005).  The doctrine applies when (1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court.  *See id.* at 85; *Schieferstein v. Howland*, No. 24-cv-07879, 2024 WL 4827735, at *2 (E.D.N.Y. Nov. 19, 2024).  Here, each of these conditions is satisfied.

Beginning with Plaintiff's challenge to the foreclosure, (1) Plaintiff lost in state court, as a judgment of foreclosure and sale was entered against him; (2) Plaintiff complains of injuries, including the loss of his purported interest in the home, that were caused by the state court foreclosure judgment; (3) Plaintiff invites this Court to review and reject that judgment by requesting that the mortgage be expunged, and that an unidentified "Defendant" be estopped from claiming ownership of the property; and (4) the state court foreclosure judgment was rendered on July 12, 2023, well before Plaintiff commenced this suit.

4

The same analysis applies to Plaintiff's challenge to the holdover eviction: (1) Plaintiff was evicted pursuant to a state court judgment; (2) Plaintiff's injury—eviction—was caused by that state court judgment; (3) Plaintiff specifically requests that this Court restore his possession of the property, which would require the Court's review of the state court judgment; and (4) the state court eviction judgment was rendered before Plaintiff brought this suit, as Plaintiff was evicted on March 7, 2025.

Therefore, Plaintiff's claims challenging the state court foreclosure and eviction judgments are dismissed without prejudice for lack of subject-matter jurisdiction.

## II.    Federal Law Claims

Moreover, Plaintiff fails to state a claim under the federal statutes he invokes. First, Plaintiff fails to allege violations of the FDCPA, which "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, 589 U.S. 8, 9 (2019). The FDCPA permits such suits "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Plaintiff's FDCPA claim is based on Cohen's letter, which misidentified the mortgage holder and purportedly prejudiced Plaintiff's ability to defend against the subsequent foreclosure action. But Plaintiff did not bring that claim until over 16 years after the letter was sent, which far surpasses the one-year statute of limitations under the FDCPA. Plaintiff's claim that the letter was lost and not discovered until after the foreclosure has no bearing on the statute of limitations, which, "absent the application of an equitable doctrine . . . begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske*, 589 U.S. at 10. And "[n]onreceipt of a properly addressed . . . letter is not, by itself, an 'extraordinary circumstance' that warrants equitable tolling." *Makhnevich v. Bougopoulos*, No. 18-cv-285, 2022 WL 939409, at *7 (E.D.N.Y. Mar.

29, 2022).  Because Plaintiff brought his FDCPA claim well outside of the limitations period, that claim is dismissed with prejudice for failure to state a claim.

Similarly, Plaintiff fails to allege violations of RESPA and its implementing regulation, Regulation X, 12 C.F.R. §§ 1024.1-1024.4.  Congress enacted RESPA to ensure that consumers "are provided with greater and more timely information on the nature and costs of the [real estate] settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices."  12 U.S.C. § 2601(a).  RESPA affords borrowers a private right of action to recover damages caused by a mortgage servicer's failure to comply with the mandates of the statute.  *Id.* § 2605(f).  Like the FDCPA, RESPA imposes certain statutes of limitations, and here, Plaintiff was required to bring suit "within [three] years . . . from the date of the occurrence of the violation."[3]  *Id.* § 2614.  That limitations period began to run over 16 years ago, when Cohen sent the letter misidentifying the mortgage holder.  *See Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18-cv-7043, 2020 WL 1941319, at *5 (E.D.N.Y. Apr. 22, 2020) ("RESPA's statutory language makes clear that the statute of limitations begins to run when the violation occurs.").  Thus, for the same reasons explained above, Plaintiff's RESPA claim is time barred, and equitable tolling is not warranted.  In any event, "plaintiffs only have a cause of action under RESPA if they are 'borrowers' within the meaning of the statute," and a "'borrower' under RESPA is someone who is personally obligated under a federally related mortgage loan."  *Lau v. Specialized Loan Servicing, LLC*, No. 23-cv-1385, 2025 WL 647967, at *3 (S.D.N.Y. Feb. 28, 2025).  Because Plaintiff makes no allegation that he is a borrower protected by RESPA, and because his claim is nevertheless time barred, Plaintiff's RESPA claim is dismissed with prejudice for failure to state a claim.

---

[3]     Plaintiff specifically alleges a violation of section 2605 of RESPA, *see* ECF No. 1 at 9, which has a three-year statute of limitations, *see* 12 U.S.C. § 2614.

### III.    State Law Claims

Finally, as the Court "has dismissed all claims over which it has original jurisdiction," the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims to the extent they arise under state law, including the alleged violation of § 349 of the New York General Business Law.  28 U.S.C. § 1367(c)(3).

### IV.    Leave to Amend

Although a *pro se* plaintiff ordinarily should be granted "leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," a court may deny such leave when amendment would be futile.  *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009); *Hassan v. U.S. Dep't of Veterans Affs.*, 137 F. App'x 418, 420 (2d Cir. 2005).  Here, the Court determines that any amendment would be futile, as Plaintiff's claims are barred by either the *Rooker-Feldman* doctrine or the applicable statutes of limitations.  *See Yanping Xu v. Suffolk Cnty.*, No. 19-cv-1362, 2020 WL 3975471, at *8 (E.D.N.Y. July 14, 2020) (leave to amend futile where claims were barred by the *Rooker-Feldman* doctrine); *Billeris v. Inc. Vill. of Bayville, New York*, 694 F. Supp. 3d 214, 235 (E.D.N.Y. 2023) (same where claims were time barred).

## <u>CONCLUSION</u>

For the reasons set forth above, the action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to enter judgment consistent with this

Order, to close this case, to mail a copy of this Order and the judgment to *pro se* Plaintiff, and to note that mailing on the docket.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
        May 30, 2025

8